## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:07-CV-01144 (RWR) |
| Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| TOYOBO CO., LTD., and TOYOBO | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## JOINT RULE 16.3 REPORT TO THE COURT, PROPOSED JOINT DISCOVERY

## PLAN, AND [JOINTLY PROPOSED] SCHEDULING ORDER

The parties submit this Joint Rule 16.3 Report, Proposed Joint Discovery Plan, and

[Jointly Proposed] Scheduling Order to the Court after conducting an in-person and telephonic

conference on November 13, 2007 at counsel for the Defendants' offices in New York, New

York, in which counsel for all parties participated.[1]  The parties intend to cooperate with each

other reasonably in the event that a party requires additional time to meet the deadlines set herein

prior to seeking any such relief or approval from the Court.

A    Brief Statement of Facts and Legal Issues: The United States has filed a

Complaint, bringing an action seeking monetary damages, civil penalties, punitive damages,

common law remedies, and court costs, etc., and alleging, against all Defendants, claims of

various violations of the False Claims Act, common law fraud, and unjust enrichment.  These

---

[1] These parties are the United States of America, Toyobo Co., Ltd., and Toyobo America, Inc.  For purposes of this report, Toyobo Co., Ltd. and Toyobo America, Inc. will be referred to collectively as "Toyobo."

claims arise from the sale of allegedly defective body armor, primarily ballistic vests containing

Zylon fiber manufactured by Defendants Toyobo to the United States and to State, local and

tribal law enforcement agencies funded in part by federal funds. These allegedly defective Zylon

vests were sold to the United States and state, local and tribal authorities by Armor Holdings, Inc.

and its subsidiaries, American Body Armor, Inc., Safariland, Inc., and Pro-Tech (collectively

Armor Holdings), DHB, Inc. and its subsidiaries, Point Blank Body Armor, Inc. and Protective

Apparel Corporation of America, Inc. (PACA) (collectively Point Blank), First Choice Armor,

Inc. (First Choice), Gator Hawk, Inc., and Protective Products International, Inc. (PPI).[2] Toyobo

denies the allegations and alleges that it played no role in the manufacture or sale of the Zylon

vests. The United States disagrees.

The legal issues in this case appear, at this juncture, to be tied to the claims and defenses

presented in the pleadings.

B.    Status of the Case:  Counsel for Toyobo agreed to accept service of the

summonses and complaint in this action and by July 27, 2007, counsel for these defendants

received the summons and complaint. On or about October 12, 2007, pursuant to a stipulation

regarding a briefing schedule for a motion to dismiss, Toyobo moved to dismiss the complaint.

The United States will oppose Toyobo's motion to dismiss the complaint, which opposition,

pursuant to the stipulation, is due to be filed on December 27, 2007. The defendants have until

and including January 18, 2008, in which to file their reply brief in support of their motion to

---

[2] This lawsuit expressly excludes any claims for defective Zylon body armor sold to the
United States and to state, local, and tribal law enforcement agencies by Second Chance Body
Armor, Inc., which are the subject of a separate False Claims Act qui tam lawsuit entitled United
States ex rel. Westrick v. Second Chance Body Armor, Inc., et al. (D.D.C. No. 04-0280).  Any
reference to Zylon vests and/or vest manufacturers herein expressly excludes Second Chance
Body Armor and its products.

dismiss.

No formal discovery has been taken to date in this case.

C.     Summary of and Basis for Agreed Upon Jointly Proposed Discovery Plan

The parties agree that there is no need to repeat discovery already conducted in the qui tam lawsuit entitled United States ex rel. Westrick v. Second Chance Body Armor, Inc., et al. (D.D.C. No. 04-0280) (the "Second Chance case"), and agree to utilize discovery conducted therein in the instant action. Apart from any discovery already so conducted, in the instant action the parties have agreed that they need approximately 13 months to conduct fact discovery and approximately 9 months to conduct expert discovery due to the complexity of the allegations, the anticipation of a large volume of documents, some of which are in foreign languages, and the international scope of the case, involving foreign corporations in Japan and other countries, with many witnesses located in several nations who speak foreign languages.

Because of Toyobo's pending motion to dismiss, the parties agree that general discovery will commence thirty (30) days after the filing of any answer by Toyobo to the extent ordered by the Court after it rules on this motion or by April 30, 2008, whichever comes first. If, however, the motion has not been ruled upon by April 30, 2008, the defendants reserve their rights to move for an extension of this deadline, to move for a stay of proceedings, and/or to move for a protective order.

A Scheduling Order agreed to by the parties is at Exhibit A.[3]

---

[3] The proposed Scheduling Order includes a jointly proposed litigation schedule, proposed limits of Interrogatories and Requests for Admissions, and other litigation matters that have been jointly agreed to by the parties. The proposed Scheduling Order does not include any other proposed limitations on discovery that have not been agreed to by the parties, such as matters that require the Court's attention in a separate Order.

D.    The Parties submit their Joint Rule 16.3 Report and Proposed Joint Discovery

Plan Outlining their respective positions as follows:

1.    LR 16.3(c)(1): Dispositive Motions and Whether Discovery Should be Stayed

The United States does not believe that the case can be resolved by any motions pending

before the Court.  The United States will oppose Toyobo's motion to dismiss the complaint.

Toyobo disagrees because it believes the case can be resolved by the motion to dismiss currently

pending before the Court.  The United States does not recommend that discovery after April 30,

2008 or other matters await a decision on any pending motion.  Toyobo disagrees, and

recommends that discovery should await a decision on the pending motion, as a decision could

narrow the scope of discovery required.

Subject to Paragraph C, above, and the proposal set forth in response to LR 16.3(c)(11),

below, the parties agree that discovery will commence thirty (30) days after the filing of any

answer by Toyobo to the extent ordered by the Court after it rules on this motion or by April 30,

2008, whichever comes first.  If, however, the motion has not been ruled upon by April 30, 2008,

the defendants reserve their rights to move for an extension of this deadline, to move for a stay of

proceedings, and/or to move for a protective order.

The parties recommend that the Court hold a Rule 26 (f), F.R.Civ.P., Scheduling

Conference by January 11, 2008 and issue its Scheduling Order within ten (10) days of the

Scheduling Conference.

2.    LR1 6.3(c)(2): Joinder of Parties, Amendment of Pleadings and Narrowing of Issues.

a.    Joinder - The parties propose that joinder of additional parties should occur by

June 1, 2008.

b.    Amendment of Pleadings - The parties agree that the United States' Complaint

may be amended until the start of discovery and further amended beyond the start of discovery in accordance with Rule 15, F.R.Civ.P.

        c.      Proposed Issues to Narrow - The parties agree that there are no proposed issues to narrow at this time.

3.     LR 16.3(c)(3): Magistrate Judge.

        The parties agree that this matter should not be referred to a magistrate for any purpose.

4.     LR 16.3(c)(4): Possibility of Settling the Case

        The parties agree that settlement prospects are unclear at this time.

5.     LR 16.3(c)(5): ADR, etc.

        The parties do not believe that the case could benefit from the Court's ADR procedures (or some other form of ADR) at this time. The parties are willing to consider mediation at a later stage in this litigation.

6.     LR 16.3(c)(6): Dispositive Motions

        The United States does not believe that the case can be resolved by any motion to dismiss. Toyobo believes that the case can be resolved by its motion to dismiss.

        The parties believe that dispositive motions should be due sixty (60) days after the conclusion of all discovery, *i.e.* by April 16, 2010, briefs in opposition to dispositive motions to be due no later than thirty (30) days after the filing of dispositive motions, *i.e.* by May 17, 2010, and reply briefs to be due twenty (20) days after the filing of any opposition to dispositive motions, *i.e.* by June 7, 2010. The parties respectfully propose that a decision on the motions occur not later than forty-five (45) days, *i.e.* August 2, 2011, before the occurrence of the Pre-Trial Conference. The parties reserve their rights to ask this Court for an extension of these dates should the proposed discovery schedule be modified due to subsequent events.

7.    LR 16.3(c)(7); F.R.Civ.P. 26(f)(1): Mandatory Disclosures (Timing, Form and

Requirement)

The parties have not exchanged the information required by F.R.Civ.P. 26(a)(1).

The parties believe that the initial Rule 26(f)(1), F.R.Civ.P., disclosures, including

provision of a copy or description by category and location of all documents, data compilations,

and tangible things that are in a party's possession, custody, or control of the party, and that the

disclosing party may use to support its claims or defenses [excluding impeachment] should take

place by about May 15, 2008.  To the extent such disclosures have already been produced in the

Second Chance case, the parties agree that they need not be produced again.

8.    LR 16.3(c)(8); F.R.Civ.P. 26(f)(2): Extent of Discovery and Protective Order(s).

Subject to Paragraph C above, the parties propose that all fact discovery be completed by

May 15, 2009 and all expert discovery be completed by February 15, 2010.  The parties,

however, reserve their rights to request additional time for discovery if, based on their best

efforts, they are unable to complete all discovery within these time periods due to subsequent

developments in the case.

a.    Interrogatories

Subject to Paragraph C above, the parties propose that interrogatories may be served by

any party starting on April 30, 2008.

The parties propose that all interrogatories be served by April 15, 2009 and answered by

May 15, 2009.

The parties propose that the Government be permitted to serve up to an additional twenty-

five (25) Interrogatories, including subparts, upon Toyobo, beyond those available under Rule 33

(a), F.R.Civ.P., for a total of fifty (50) Interrogatories upon Toyobo.

The parties propose that Toyobo be permitted to serve up to an additional twenty-five (25) Interrogatories, including subparts, upon the United States, beyond those available under Rule 33(a), F.R.Civ.P., for a total of fifty (50) Interrogatories, including subparts, upon the United States.

      b.      Production of Documents and Things and Entry Upon Land (Document Requests)

Subject to Paragraph C above, the parties propose that Document Requests may be served by any party starting on April 30, 2008.

The parties agree that all Document Requests be served by April 15, 2009 and answered by May 15, 2009.

The United States proposes that Toyobo be limited in serving not more than five (5) sets of Document Requests comprising not more than a collective total of one hundred (100) Requests for Production of Documents and Things from each to any other party.

Toyobo does not agree with the document request limitation proposal by the United States and, instead, wants to follow Rule 34, F.R.Civ.P., which places no limits on the serving of document requests.

      c.      Requests for Admissions

Subject to Paragraph C above, the parties propose that Requests for Admissions may be served by any party starting on April 30, 2008.

The parties propose that all Request for Admissions be served by April 15, 2009 and answered by May 15, 2009.

The parties propose that the United States and Toyobo each be limited in serving not more than five (5) sets of Requests for Admissions comprising not more than a total of one

hundred (100) Requests for Admissions each.[4]

      d.      Depositions

      1)      Fact Depositions

Subject to Paragraph C, above, the parties propose that depositions of fact witnesses can begin on July 31, 2008 and that all notices and subpoenas of fact depositions (permitted under Rule 30 or Rule 31, F.R.Civ.P.) be served by March 16, 2009.

The parties propose that all fact depositions (permitted under Rule 30 or Rule 31, F.R.Civ.P.) be completed by May 15, 2009.

The parties agree that the Court should grant leave for the plaintiff to take more than ten (10) fact depositions and for Toyobo to take more than ten (10) depositions.

The United States proposes that the Government be permitted to take up to an additional forty (40) fact depositions beyond those available under Rule 30(a)(2)(A), F.R.Civ.P., for a total of up to fifty (50) fact depositions.

The United States proposes that Toyobo be permitted to take up to fifty (50) fact depositions.

Toyobo disagrees with the proposals by the United States and, instead, proposes that the Court grant leave to the plaintiffs and defendants to each take more than ten (10) depositions. Toyobo proposes that the parties meet again and periodically during the discovery period to negotiate and agree upon the number of depositions and the particular witnesses to be deposed in the action.

The parties agree to meet again to discuss developing a deposition schedule and the

---

[4] The parties agree that this limitation does not include any limitation on the number of requests by a party to authenticate documents for the purposes of admissibility at trial.

procedures to be used during the conduct of depositions.

The parties agree that there will be an unspecified number of fact depositions where the deponent may be deposed by the noticing party for up to three days, for seven hours each day, excluding breaks and any translation time.

The United States proposes that it may designate not more than fifteen (15) and Toyobo may designate not more than fifteen (15) fact depositions where the deponent may be deposed by the noticing party for up to two days, for seven hours each day, excluding breaks and any translation time.

The United States proposes that it may designate not more than five (5) and Toyobo may designate not more than five (5) fact depositions where the deponent may be deposed by the noticing party for up to three days, for seven hours each day, excluding breaks and any translation time.

Toyobo opposes specifying a limit on the number of fact depositions that may be taken by the noticing party for up to two or three days.

The parties agree that the noticing party shall provide, at the time of notice, a good faith estimate of the amount of time it believes will be required for the deposition.

The parties agree that the notice of extending the duration of any deposition where two or three days are permitted may occur either before or during a deposition.

The parties propose that, to the extent possible and practicable, at least twenty one (21) days notice of scheduling of depositions be provided to opposing counsel for depositions to be taken in the United States and thirty (30) days notice for depositions to be taken outside the United States.

The parties agree that Toyobo counsel will accept service of deposition notices and

subpoenas on behalf of current Toyobo employees not represented by other counsel in the United States.

       2)      Expert Depositions

The parties agree that depositions of experts will be necessary. The parties propose that in the absence of mutually agreed upon locations, the party producing the expert may designate the location of an expert's deposition, provided the parties will make a good faith effort to conduct all expert depositions within the United States, at a counsel of record's law office, place of a defendant's corporate headquarters on whose behalf the expert is appearing, place where the expert primarily conducts business, Hawaii, or Washington, D.C. The parties propose that all notice and subpoenas of expert depositions be served by December 15, 2009 and that all expert depositions be completed by February 15, 2010.

The parties propose that at least some experts may be deposed by the noticing party for more than one consecutive day, for seven hours each day, excluding breaks and any translation time.

The United States proposes that the United States and Toyobo may each designate not more than two (2) opposing experts that may be deposed by the noticing party for up to two consecutive days, for seven hours each day, excluding breaks and any translation time.

Toyobo opposes establishing a limitation on the specific number of experts that may be deposed more than one day by the noticing party.

       3)      Fact and Expert Depositions: The parties anticipate taking videotape depositions. The United States proposes that the signed, certified transcripts (with any errata timely attached) and/or video record of all properly noticed depositions be able to be used for any purpose at trial, but that objections may be made at the trial to receiving in evidence any deposition, or part

thereof, for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

Toyobo opposes the proposal by the United States regarding the use of depositions at trial, and instead, proposes that Rule 32, F.R.Civ.P. govern the use of depositions at trial.

e.    Protective Orders

The parties agree that a protective order may be necessary depending on what documents are requested during discovery.  The parties will attempt to work out a protective order that identifies categories of documents that will be subject to any protective order.  During document production, the parties should identify in good faith only those documents that are within the protected categories and the parties shall handle those documents in accordance with the terms of the protective order(s).

The parties agree to negotiate, stipulate, and at a later date, submit a Joint Stipulation and [Proposed] Order governing production of protected information produced in this case.

The Government does not anticipate that it will use any classified documents to support its claims. At this time, Toyobo does not know if it will need to seek any classified documents that exist for its defense, but reserves its right to do so.

9.    LR 16.3(c)(9): Expert Reports

The United States proposes that all Rule 26(a)(2), F.R.Civ.P., experts (excluding rebuttal only experts) be identified by August 14, 2009.

The United States proposes that all expert reports required by Rule 26(a)(2)(B), F.R.Civ.P., be provided by November 2, 2009 and that any written rebuttal reports be provided by November 17, 2009, and any written sur-rebuttal expert reports be provided by December 1, 2009.

Toyobo disagrees with the proposal of the United States regarding the simultaneous identification and exchange of expert reports and, instead, proposes that the Government identify and produce its expert reports first and that defendants identify and produce their initial expert reports thirty (30) days thereafter.

Toyobo opposes the issuance and scheduling of rebuttal and/or sur-rebuttal expert reports.

10.     LR 16.3(c)(10): Class Actions - N/A

11.     LR 16.3(c)(11): Trial and/or Discovery Bifurcation

a.      Trial Bifurcation

The United States proposes that the trial not be bifurcated.  Toyobo does not know at this time whether bifurcation of the trial may be appropriate, and reserves its right to make a motion to do so.

b.      Discovery Bifurcation

The parties agree that they need to conduct factual and expert discovery and that discovery should be conducted in two phases (i.e. fact discovery, followed by expert discovery). The parties agree that discovery will proceed on all issues in the case simultaneously.

12.     LR 16.3(c)(12): Pretrial Conference

The parties propose that the Pretrial Conference be scheduled for September 15, 2010.

13.     LR 16.3(c)(13): Trial

The parties proposes that the Court should set a trial date at the September 15, 2010 pretrial conference around sixty (60) days after that conference; *i.e.* a trial date of about November 15, 2010. The parties anticipate a trial lasting two - three months.

14.     LR 16.3(c)(14): Other matters.

a.    Translation issues: Due to the international scope of this case, the parties expect that translators will be required for many witnesses appearing at deposition and at trial. In addition, many documents will need to be translated into English and the Court may want to consider a mechanism as to how best to resolve discrepancies where the parties are unable to agree to a single translation of a document during the trial.

b.    Electronic Discovery: With respect to the discovery of digital or electronic information, the parties anticipate the production of print-outs of electronic data, as well as the production of electronic data in its native format. The parties agree that the scope of electronic discovery will be commensurate with the scope of normal discovery. The parties further agree that documents found within the scope of a reasonable search based on a document request shall not be withheld solely because they exist in digital form.

c.    Modification to this Proposed Plan: The parties agree that all dates proposed herein are premised upon discovery proceeding expeditiously and without protracted disputes over production of documents and witnesses. The parties have negotiated this plan in good faith based on their current understanding of the issues in the case; each party reserves the right to seek an enlargement or modification of the plan based on new information or for other good cause shown.

d.    Court Orders: The parties hereby respectfully request that the Court approve all of the agreed upon provisions of this Joint Rule 16.3 Report and Joint Discovery Plan that are set forth in the attached jointly proposed Scheduling Order. The parties also request that the Court decide upon the proposed provisions of the Joint Rule 16.3 Report and the Joint Discovery Plan that were not agreed upon by the parties, and such disputed provisions are not included within the scope of the attached jointly proposed Scheduling Order.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY GENERAL

By:    *Callie R. Owen*

MICHAEL D. GRANSTON
ALAN E. KLEINBURD
ALICIA J. BENTLEY
CALLIE R. OWEN
A. THOMAS MORRIS
MICHAEL J. FRIEDMAN
ATTORNEYS
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Tel:    202-616-9854
Fax:    202-305-7797
Alicia.Bentley@usdoj.gov
Callie.Owen@usdoj.gov

Dated: December 12th, 2007

COUNSEL FOR TOYOBO COMPANY, LTD. AND TOYOBO AMERICA, INC:

WEIL GOTSHAL & MANGES, LLP

MICHAEL J. LYLE
HOLLY E. LOISEAU
1300 Eye Street, N.W.
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.lyle@weil.com
holly.loiseau@weil.com

-14-

*Callie R. Owen, with the authority of*

ARVIN MASKIN
KONRAD L. CAILTEUX
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
arvin.maskin@weil.com
konrad.caiteux@weil.com

**Certificate of Service**

I hereby certify that on this 12<u>th</u> day of December 2007, a copy of the foregoing was served by first class mail, postage prepaid, as indicated below upon:

Konrad L. Cailteux, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York   10153

_____
Callie R. Owen

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:07-CV-01144 (RWR) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### [JOINTLY PROPOSED] SCHEDULING ORDER

It is, hereby,

**ORDERED** that the parties comply with the following deadlines:

| April 30, 2008 | Discovery (including interrogatories, requests to produce, and requests for admissions) begins. |
|---|---|
| May 15, 2008 | Initial Rule 26(f)(I), F.R.Civ.P., disclosures due. |

**Interrogatories**

| April 15, 2009 | All Requests for Interrogatories due. |
|---|---|
| May 15, 2009 | All interrogatory answers due. |

**Document Discovery**

| April 15, 2009 | All Requests for Production for Documents and Things and Entry Upon Land for Inspection and Other Purposes due. |
|---|---|
| May 15, 2009 | All Requests for Production for Documents and Things and Entry Upon Land for Inspection and Other Purposes answers due. |

**Requests for Admissions**

| April 15, 2009 | All Requests for Admissions due. |
|---|---|

May 15, 2009          All Request for Admission answers due.

**Fact Witnesses**

July 31, 2008         Depositions of fact witnesses begins.

March 16, 2009        All notices and subpoenas of depositions of fact witnesses due.

May 15, 2009          Depositions of fact witnesses ends.

**All fact discovery shall be completed by May 15, 2009.**

**Expert Witnesses**

December 15, 2009     All notices and subpoenas of expert depositions due.

February 15, 2010     Deposition of expert witnesses ends.

**All expert discovery shall be completed by February 15, 2010.**

**Dispositive Motions**

April 16, 20010       Dispositive motions due.

May 17, 20010         Briefs in opposition to dispositive motions.

June 7, 2010          Reply briefs re: dispositive motions due.

**AND IT IS FURTHER ORDERED** that the parties comply with the following:

**Joinder**

Joinder of additional parties shall occur by June 1, 2008.

**Amendment of Pleadings**

With the Court's permission, the United States' Complaint may be amended until the

start of discovery and further amended beyond the start of discovery in accordance with Rule 15,

F.R.Civ.P.

**Interrogatories**

The United States shall be permitted to serve up to an additional twenty-five (25) Interrogatories, including subparts, upon Toyobo, beyond those available under Rule 33 (a), F.R.Civ.P., for a total of fifty (50) Interrogatories upon Toyobo.

Defendant Toyobo shall be permitted to collectively serve up to an additional twenty-five (25) Interrogatories, including subparts, upon the United States, beyond those available under Rule 33(a), F.R.Civ.P., for a total of fifty not more than (50) Interrogatories, including subparts, upon the United States.

**Requests for Admissions**

The United States and Toyobo each shall be limited in serving not more than five (5) sets of Requests for Admissions comprising not more than collective a total of one hundred (100) Requests for Admissions each.  This limitation shall not include any limitation on the number of requests by a party to authenticate documents for the purposes of admissibility at trial.

**Fact Depositions**

The plaintiffs are granted leave to take more than ten (10) fact depositions and the defendants are granted leave to take more than ten (10) fact depositions.

The Parties shall meet to discuss developing a deposition schedule and the procedures to be used during the conduct of depositions.

Unless otherwise ordered by the Court, there shall be an unspecified number of fact depositions where the deponent may be deposed by the noticing party for up to three days, for seven hours each day, excluding breaks and any translation time.

The noticing party shall provide, at the time of notice, a good faith estimate of the amount of time it believes will be required for the deposition.

The notice of extending the duration of any deposition where two or three days are

permitted may occur either before or during a deposition.

To the extent possible and practicable, at least twenty one (21) days notice of scheduling of depositions shall be provided to opposing counsel for depositions to be taken in the United States and thirty (30) days notice for depositions to be taken outside the United States.

Toyobo counsel will accept service of deposition notices and subpoenas on behalf of current Toyobo employees not represented by other counsel in the United States.

**Expert Depositions**

Depositions of experts shall occur.  In the absence of mutually agreed upon locations, the party producing the expert may designate the location of an expert's deposition, provided the parties will make a good faith effort to conduct all expert depositions within the United States, at a counsel of record's law office, place of a defendant's corporate headquarters on whose behalf the expert is appearing, place where the expert primarily conducts business, Hawaii, or Washington, D.C.  All notice and subpoenas of expert depositions shall be served by December 15, 2009 and all expert depositions shall be completed by February 15, 2010.

At least some experts may be deposed by the noticing party for more than one consecutive day, for seven hours each day, excluding breaks and any translation time.

**Protective Order(s)**

The parties shall attempt to work out a protective order that identifies categories of documents that will be subject to any protective order. During document protection, the parties should identify in good faith only those documents that are within the protected categories and the parties shall handle those documents in accordance with the terms of the protective order(s). The parties shall negotiate, stipulate, and submit a Joint Stipulation and [Proposed] Order governing production of protected information produced in this case.

**Discovery Bifurcation**

Discovery shall be conducted in two phases (*i.e.* fact discovery, followed by expert discovery).

Discovery will proceed on all issues in the case simultaneously.

**Pretrial Conference**

The Pretrial Conference is scheduled for September 15, 2010.

**Trial Date**

The Court shall set a trial date at the September 15, 2010 pretrial conference around sixty (60) days after that conference; *i.e.* a trial date of about November 15, 2010.

**SO ORDERED**.

_____

RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: _____ ,2007