## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) CV No. 07-1144 |
| Plaintiff. | ) |
| v. | ) |
| TOYOBO CO., LTD., and TOYOBO AMERICA, INC., | ) |
| Defendants. | ) |

### JOINT STIPULATION REGARDING ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States and the undersigned parties, and good cause therefor having been shown based on the interests promoted by, and the prohibitions against disclosure contained in, the Trade Secrets Act, 18 U.S.C. § 1905, *inter alia*, the following undersigned parties agree to the entry of the attached Protective Order Regarding Confidentiality governing the use in this litigation and thereafter by the parties of "Confidential" or "proprietary materials":

IT IS SO STIPULATED.

Dated:  2/26/08

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY GENERAL

By:  *Callie R. Owen*

MICHAEL D. GRANSTON
ALAN E. KLEINBURD
ALICIA J. BENTLEY
CALLIE R. OWEN
A. THOMAS MORRIS
MICHAEL J. FRIEDMAN

ATTORNEYS
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Tel:    202-616-9854
Fax:    202-514-0280

Dated:    *February 1, 2008*

WEIL, GOTSHAL & MANGES, LLP

By:    _Konrad L. Cailteux_
KONRAD L. CAILTEUX, ESQ.
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8904
Fax: (212) 310-8007
Counsel for Defendants
TOYOBO CO., LTD; and TOYOBO AMERICA,
    INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2008, I electronically filed the foregoing JOINT STIPULATION REGARDING ENTRY OF PROTECTIVE ORDER with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Michael J. Lyle and Holly Loiseau, counsel for defendants Toyobo America, Inc. and Toyobo Co., Ltd. I further certify that a copy of the foregoing document was furnished by first class mail, postage prepaid, to:

Counsel for Defendants Toyobo Co., Ltd; and Toyobo America, Inc.:
Konrad L. Cailteux, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153-0119

_Callie R. Owen_
Callie R. Owen

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated:  *February 1, 2008*   By:  *Konrad J. Cailteux*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated:    2/07/08    By:    *William J. Cople*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _Feb.6,2008_      By: _James S. Brady_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _2~13~68_       By: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated:  1-23-2008    By:  *Melia Meust*

on behalf of Honeywell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        )    CV No. 07-1144
                                 )
            Plaintiff.           )
                                 )
     v.                          )
                                 )
TOYOBO CO., LTD., and TOYOBO     )
AMERICA, INC.,                   )
                                 )
            Defendants.          )
                                 )
_____  )


## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _1-19-08_       By: _____

                           Victoria A. Gorczyca
                           Managing Counsel
                           The Dow Chemical Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated:  __1/27/08__    By: _____

Counsel for Hercel Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to the instant litigation, and good cause therefor having been shown based on the interests promoted by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905, *inter alia*, the Court enters the following Protective Order governing the use in this litigation and thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _i / 20/08_    By: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _Jan 31, 08_     By: _____

counsel for Lincoln
Fabrics, Ltd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to the instant litigation, and good cause therefor having been shown based on the interests promoted by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905, *inter alia*, the Court enters the following Protective Order governing the use in this litigation and thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated:   01/28/08   By:  _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to the instant litigation, and good cause therefor having been shown based on the interests promoted by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905, *inter alia*, the Court enters the following Protective Order governing the use in this litigation and thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _1/28/08_        By: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO AMERICA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>PROTECTIVE ORDER REGARDING CONFIDENTIALITY</u>

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _2/15/08_    By: _[signature]_

_Counsel For Protective_
_Products International Corp_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to the instant litigation, and good cause therefor having been shown based on the interests promoted by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905, *inter alia*, the Court enters the following Protective Order governing the use in this litigation and thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _1/28/2008_    By: _Thomas C. Hillㅡ_
for N.I. Teijin Shoji (USA), Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to the instant litigation, and good cause therefor having been shown based on the interests promoted by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905, *inter alia*, the Court enters the following Protective Order governing the use in this litigation and thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _2/12/08_   By: _Nancy R. Grmley_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: _2/25/0F_        By: _D̶r̶T̶_   (_See Addendum_)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV No. 07-1144 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOYOBO CO., LTD., and TOYOBO | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to

the instant litigation, and good cause therefor having been shown based on the interests promoted

by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905,

*inter alia*, the Court enters the following Protective Order governing the use in this litigation and

thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: 2/12/08        By: _____

1.    "Confidential" or "proprietary" materials are such materials which would qualify as trade secrets under federal law, work product, and/or subject to the exemptions from the Freedom of Information Act.  Information produced to the Government by the original producing party in response to an Inspector General Subpoena, or via voluntary production, and designated by the original producing party as "confidential" or "proprietary" information is referred to hereinafter as "Confidential Material."  In defining "Confidential Material" in this manner, no party concedes that the materials so designated by the original producing party are confidential, proprietary, trade secret or competitively sensitive.  Subject to the provisions of Paragraph 11, below, information produced shall be deemed Confidential Material when so designated in the manner described in Paragraph 4, below.

"Materials prohibited from disclosure by foreign law" are those documents previously produced to the United States which the producing party shall have the opportunity to so designate and which the producing party reasonably believes are prohibited from disclosure under any European Union and/or foreign law.   Documents designated as "materials prohibited from disclosure by foreign law" shall not be disclosed to any party absent a court order entered only after the party having produced to the United States has had an opportunity to be heard on that issue.

2.    Pursuant to the terms and conditions set forth herein, the United States may disclose Confidential Material to parties participating in discovery in the following litigation: United States of America ex rel. Aaron J. Westrick, PhD. V. Second Chance Body Armor, Inc., et al. (D.D.C. No. 04-0280), and United States v. Toyobo Co., Ltd., et al. (D.D.C. No. 1:07-CV-01144), and as otherwise provided by the Federal Rules of Civil Procedure.

3.    This Protective Order shall apply to any and all documents and other materials,

interrogatory responses, responses to requests for admission, and testimony containing or disclosing Confidential Material.

4.  In order for the items listed in Paragraph 1 to be treated by the parties and the Court as Confidential Material, such information, prior to its disclosure to the requesting party, must be designated as Confidential Material as follows:

(a) The designation of Confidential Material may be made by the original source of the documents by placing or affixing on the documents the word "Confidential" or "Proprietary," the phrase "Highly Confidential – Produced Pursuant to Protective Agreement," "Proprietary Trade Secret Information; Exempt from Release Under Freedom of Information Act," or the like.  The terms of this Agreement are not applicable to Classified Materials designated "Confidential," "Secret," or "Top Secret," which shall be handled in accordance with applicable Government regulations.

(b)  Information revealed through inspection of things or premises under Rule 34 of the Federal Rules of Civil Procedure may be designated as Confidential Material.

(c)  Information disclosed during depositions may be designated as Confidential Material by the deponent or a party by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing Confidential Material, and to label such portions appropriately.  Within thirty (30) days after receipt of the deposition transcript, the deponent or a party may designate any additional portion of the deposition as Confidential Material by informing the other parties in writing of the specific pages of the transcript that contain Confidential Material.

5.  Nothing contained in the provisions of this Protective Order shall preclude the

parties to the litigation identified in Paragraph 2, above, from contesting the designation of any

document as Confidential Material. If the United States or any other party in the litigation

identified in Paragraph 2, above, intends to contest any document designated as Confidential

Material, it shall notify the original producing party in writing at least ten business days prior to

disclosing that document in any public proceeding or publicly-filed document. The original

producing party shall have the option to file a petition for a protective order with the United

States District Court for the District of Columbia demonstrating that there is good cause to

designate the document at issue as Confidential Material. If a timely petition for a protective

order is filed, the document at issue will be treated as Confidential Material until an order has

been entered ruling that the document is not confidential or subject to the Protective Order. Prior

to making any application for relief to a court, counsel shall meet and confer in order to seek an

agreement as to the "Confidential" designation.

      6.      Except as otherwise permitted by this Protective Order, Court order, or agreement

of the undersigned parties, anyone to whom Confidential Material is disclosed shall use such

Confidential Material solely for the purposes of conducting or assisting in the Government's

investigation in this matter, conducting or assisting any defendant in the litigations identified in

Paragraph 2, above, to prepare its defenses, any subsequent litigation in this matter, including but

not limited to the litigation identified in Paragraph 2, above, any appeals therefrom, and any

related litigation to which the United States is a party, and shall not be used for any other

purpose, including any business or commercial purpose. Confidential Materials and any copies

thereof shall be disclosed only to: (a) Government personnel and the parties to the litigations

identified in Paragraph 2, above; (b) counsel of record and other counsel for the parties to the

litigations identified in Paragraph 2, above, and persons employed in such attorneys' offices; (c)

any potential witnesses or other persons whose assistance is needed in connection with the

Government's investigation in this matter, the preparation of a defendant's defense in the

litigations identified in Paragraph 2, above, any subsequent litigation in this matter, any appeals

therefrom, and any related litigation to which the United States is a party; (d) any apparent author

or recipient of the Confidential Materials; (e) court reporters in connection with testimony in any

subsequent litigation in this matter, any appeals therefrom, and any related litigation to which the

United States is a party, (f) the Court and Court personnel in any subsequent litigation in this

matter, any appeals therefrom, and any related litigation to which the United States is a party, and

(g) any other person whom the original producing party agrees in writing in advance of access, or

whom a Court directs, may have access to the Confidential Material.  Nothing contained in this

Protective Order shall prevent or in any way limit the right of counsel to use Confidential

Material in the Government's investigation and conduct of litigation, or the preparation of a

defense and conduct of litigation by a defendant from a litigation identified in Paragraph 2,

above, including preparation and/or trial of these or related actions, which is the subject of this

Protective Order.

   7.  Nothing contained in this Protective Order shall prevent or in any way limit or

impair the right of counsel for the Government to disclose to any agency of the United States any

document or information regarding potential violation of law or regulation or regarding any

potential safety consideration, or prevent or limit in any way the use of such documents and

information by an agency in any proceeding regarding any potential violation of law or

regulation, or regarding any potential safety consideration.  Disclosure to any agency of the

United States under this Paragraph shall not be subject to the requirements set forth in Paragraph

9.

8.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the United States Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the original producing party of the Congressional entity's request and the United States' response thereto.

9.    For any person covered by paragraph 6(c) above, before any disclosure is made to such person, the attorney making the disclosure shall first advise that person that the material is being disclosed pursuant to this Protective Order and may not be disclosed to any other person not authorized under Paragraph 6 above to have access to such Confidential Material, except as permitted by Court order or by agreement of the parties to this Protective Order, and the attorney shall secure from each such person a written Affirmation in the letter form attached hereto, stating that such person has read this Agreement and agrees to be bound by it.  Such Affirmation shall be maintained in the possession of counsel for the party securing the agreement until a Court order directs otherwise or until any litigation in this matter has concluded, but not less than three (3) years.  The provision herein relating to the written Affirmation shall not apply to persons to whom Confidential Material is disclosed during interviews, but who are not permitted to retain any Confidential Material outside the interviews.

10.    If counsel wishes to disclose Confidential Material to a person other than one designated in Paragraph 6, counsel shall serve a written request to the party claiming the information is confidential stating the name of the proposed person, the reasons for disclosure, the information to be disclosed, and that the proposed person has read this Protective Order and

is willing to agree in writing to be bound by its terms. If the party claiming the information is

confidential does not agree in writing to the disclosure within ten (10) days of being served with

the request, then counsel may apply to this Court for relief from the provisions of this Protective

Order. If such disclosure is agreed to by the parties or permitted by the Court, such disclosure

shall not be made until the person involved has signed an Acknowledgment in the form attached

as Exhibit A.

    11.    Unless otherwise ordered by a Court, the procedures set forth herein shall have no

application to proceedings in open court. Any attempt to limit the use of Confidential Materials

in open court or in filings with a Court must be done by written motion to the Court on a showing

of good cause. If Confidential Materials are filed in Court under seal, the filing party need give

no advance notice to the original producing party. If, however, a party to the litigation identified

in Paragraph 2, above, anticipates filing Confidential Materials in open court, that party will use

reasonable efforts to notify (if possible, within five (5) days prior to the filing or disclosure) the

original producing party of its intent.

    12.    Disclosure to parties in the litigation identified in Paragraph 2, above, of any

documents, business records or other confidential information of any kind by any party to this or

related litigation, at any time hereafter and through conclusion of this or related litigation, shall

not constitute public disclosure of any such information so as to negate, waive or abandon any

party's claim that such documents, drawings, business records or information constitute

confidential information. However, the United States and any defendant to the litigations

identified in Paragraph 2, above, shall retain the right to contest the assertion of any such

privilege or objection.

    13.    The restrictions of this Protective Order shall not apply to any documents,

information or material which:

(a)      are determined by the Court not to be confidential information; or

(b)      are lawfully obtained or are known to the discovering party otherwise than through production by the other party, or becomes known other than as a consequence of any discovery had in this action pursuant to the Rules of Civil Procedure; or

(c)      have been or become generally known without violation of this Order; or

(d)      have been or become published without violation of this Order.

14.      Within one hundred twenty (120) days after the conclusion of all litigation subject to this Protective Order, including the disposition of any appeals from a final judgment herein and any related litigation to which the United States is a party, the parties shall undertake reasonable and prudent efforts to return all Confidential Materials to the original producing party or to certify in writing to the original producing party that all such materials have been destroyed; EXCEPT THAT the Government may maintain one (1) copy of any Confidential Material in its master file for this case, and may maintain one (1) copy of any notes or summaries containing Confidential Materials in its master file for this case, provided that any copies of any Confidential Material or notes or summaries are clearly stamped "Confidential" or "Proprietary" or affixed with another legend indicating that the materials remain subject to this Protective Order.

      **DONE and ORDERED in Chambers in Washington, DC, this _____ day of _____, 2007.**

_____
**RICHARD W. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

TO WHOM IT MAY CONCERN:

I have received a copy of the attached Protective Order.  I have carefully read and understand the provisions of the attached Protective Order.  I certify that I am eligible to have access to the Confidential Material under Paragraph 6 of the Protective Order.

I agree to comply with all of the provisions of the Protective Order.  I agree to hold all Confidential Material and any duplicates, notes, abstracts, or summaries thereof, in confidence, and will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purposes of assisting the Government's investigation in this matter, **assisting a defendant's defense in the litigations identified in Paragraph 2, above,** any subsequent litigation in this matter, or any related litigation to which the United States is a party, except as provided by the Protective Order.

At the conclusion of the Government's investigation, or at the conclusion of any litigation in this matter, I agree, if the Government so directs, to return to the Government all originals of all Confidential Materials and any duplicates, notes, abstracts, or summaries thereof, whether prepared by me or anyone else.

_____

Dated: _____

## Addendum and Designation of Documents Pursuant to Paragraphs 1 and 4 of Attached Protective Order by N.I. Teijin Shoji (U.S.A.), Inc.

Documents already produced to the Department of Justice that should be designated and treated as "Confidential Material" are the following:

TEI000001 - TEI000003
TEI000005 - TEI000023
TEI000025 - TEI000031
TEI000033 - TEI000187
TEI000189 - TEI000233
TEI000235 - TEI000276
TEI000278
TEI000280 - TEI000333
TEI000335 - TEI000337
TEI000339 - TEI000351
TEI000353 - TEI000457
TEI000439 - TEI000442
TEI000444 - TEI000492
TEI000494 - TEI000517
TEI000519 - TEI000567
TEI000569 - TEI000692
TEI000694 - TEI001100
TEI001102 - TEI001115
TEI001117 - TEI001461
TEI001463 - TEI001470
TEI001472 - TEI001623
TEI001625 - TEI001651
TEI001653 - TEI001759
TEI001761 - TEI002215
TEI002222 - TEI002507
TEI002514 - TEI002604
TEI002607 - TEI002658
TEI002661 - TEI002996

Documents already produced to the Department of Justice that should be designated and treated as "Materials prohibited from disclosure by foreign law" are the following:

TEI001948 - TEI002215
TEI002222 - TEI002507
TEI002514 - TEI002604
TEI002607 - TEI002666
TEI002884 - TEI002990

On a going-forward basis for the balance of the document production, such documents will be produced to the Department of Justice pre-marked with the appropriate designations.

Dated: _2-14-0__

By: _____
for N.I. Teijin Shoji (U.S.A.), Inc.

ADDENDUM & DESIGNATION of documents pursuant to Paragraph 4 of the attached

Protective Order regarding confidentiality as to information and documents disclosed by

Point Blank Solutions, Inc.[1] and any of its subsidiaries (collectively "Point Blank"):

     1.     Research, development, design, manufacture, costs, pricing and testing of

any products manufactured by Point Blank;

     2.     Customer lists, vendor lists and/or distributor lists;

     3.     The terms of any commercial contractual relationship that have not been

publicly disclosed;

     4.     The terms of any solicitation for, or award of, any government contracts

that have not been publicly disclosed;

     5.     Financial information that has not been publicly disclosed in any filings

with the United States Securities and Exchange Commission;

     6.     Point Blank tax documents and/or tax documents relating to any

employees of Point Blank;

     7.     Meetings of the Board of Directors, the Audit Committee or any other

Point Blank committee; and

     8.     Personal non-public information of Point Blank employees.

Additionally, by agreeing to the Protective Order, it is the position of Point Blank only,

and no other party, that Point Blank does not waive the position that if documents were

inadvertently produced, such inadvertent production does not waive the attorney-client

privilege or work product protection as to those documents.

Dated: 2/12/08     BY: _Nancy R. Ginsberg_

---

[1] Formerly known as DHB Industries, Inc.

1

ADDENDUM AND DESIGNATION OF DOCUMENTS PURSUANT PARAGRAPH 4 OF
ATTACHED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY AS TO
INFORMATION AND DOCUMENT DISCLOSURES BY
FIRST CHOICE ARMOR & EQUIPMENT, INC.


First Choice Armor & Equipment, Inc., by and through
counsel, hereby designates the following categories of
information or documents (previously produced to the Department
of Justice under administrative subpoena or voluntary requests)
as being confidential and as containing information having
competitively sensitive, proprietary or trade secret status such
that any disclosure could materially damage First Choice:

1.   Financial information such as corporate revenues,
expenditures or debt; costs-of-production; dividends; and
salaries or earnings of any officers, principals, employees or
consultants.

2.   Proprietary and secret blends, ingredients, methods,
techniques, or concepts concerning non-Zylon-based personal
ballistic protective equipment.


FIRST CHOICE ARMOR & EQUIPMENT, INC.
By its attorney,


_DMO_____ 2/25/2008_
David M. O'Connor

**Addendum and Designation of Documents Pursuant to Paragraph 4 of the Attached Protective Order Regarding Confidentiality as to Information and Documents Disclosed by Gator Hawk, Inc.**

1.      ALL FINANCIAL STATEMENTS, INCLUDING BALANCE SHEETS, LEDGERS AND PROFIT AND LOSS STATEMENTS.

2.      ALL DOCUMENTS AND REPORTS INDICATING COSTS, PRICING STRUCTURES AND PROFIT MARGINS (EXCEPT ACTUAL SALES AND PURCHASE INVOICES).

3.      ALL DOCUMENTS INVOLVING MARKETING STRATEGIES, OTHER THAN THE ACTUAL MARKETING PROGRAMS USED BY GATOR HAWK AND DISSEMINATED TO THE INDUSTRY.

4.      ALL RESPONSES, REPORTS, DOCUMENTS AND SCHEDULES PREPARED BY GATOR HAWK IN RESPONSE TO INQUIRIES BY DEPARTMENT OF JUSTICE ATTORNEYS.  ALL SUCH RESPONSES, ETC. WERE PREPARED UNDER THE SUPERVISION OF GATOR HAWK'S COUNSEL AND THEREFORE WORK PRODUCT AND MAY ALSO CONTAIN TRADEMARK AND PROPRIETARY INFORMATION.

5.      ANY AND ALL CORRESPONDENCE AND EMAILS BETWEEN GATOR HAWK, GATOR HAWK'S COUNSEL AND THE DEPARTMENT OF JUSTICE.

Date: February 26, 2008

_____
Steven E. Chaykin, Esq.

{M2652025:1}