IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CV No. 07-1144 |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| TOYOBO CO., LTD., and TOYOBO ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF ADDITIONAL NON-PARTY SIGNATORY TO STIPULATED
PROTECTIVE ORDER**

Comes the United States, and hereby notifies the Court that on March 26, 2008, counsel for Armor Holdings, Inc. (now known as BAE Systems, AH, Inc.) stipulated and signed the proposed Protective Order Regarding Confidentiality, which was attached to the Joint Stipulation Regarding Entry of Protective Order (Dkt. No. 22). It is the United States' understanding that the Armor Holdings signatory represents BAE Systems, AH, Inc.; Armor Holdings, Inc.; Armor Holdings Products, LLC; American Body Armor and Equipment, Inc.; Safariland, Ltd., Inc.; and Protech Armored Products. The signed proposed Protective Order is attached herein.

Dated: 4/15/08

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY GENERAL

By: _____
MICHAEL D. GRANSTON
ALAN E. KLEINBURD
ALICIA J. BENTLEY
CALLIE R. OWEN
A. THOMAS MORRIS
ATTORNEYS

U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Tel:  202-616-9854
Fax:  202-514-0280

# CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of April, 2008, I electronically filed the foregoing NOTICE OF ADDITIONAL NON-PARTY SIGNATORY TO STIPULATED PROTECTIVE ORDER with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Michael J. Lyle and Holly Loiseau, counsel for defendants Toyobo America, Inc. and Toyobo Co., Ltd.  I further certify that a copy of the foregoing document was furnished by first class mail, postage prepaid, to:


Counsel for Defendants Toyobo Co., Ltd; and Toyobo America, Inc.:
Konrad L. Cailteux, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153-0119

                                        _____
                                            Callie R. Owen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CV No. 07-1144 |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| TOYOBO CO., LTD., and TOYOBO ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to the instant litigation, and good cause therefor having been shown based on the interests promoted by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905, *inter alia*, the Court enters the following Protective Order governing the use in this litigation and thereafter by the parties of "Confidential" or "proprietary" materials, as defined below.

AGREED TO:

Dated: 3/26/08    By: [signature]
KANE KESSLER, P.C.
Attorneys for Armor Holdings, Inc.
(n/k/a BAE Systems, AH, Inc.)
1350 Avenue of the Americas
26th Floor
New York, New York 10019
212-541-6222

1. "Confidential" or "proprietary" materials are such materials which would qualify as trade secrets under federal law, work product, and/or subject to the exemptions from the Freedom of Information Act. Information produced to the Government by the original producing party in response to an Inspector General Subpoena, or via voluntary production, and designated by the original producing party as "confidential" or "proprietary" information is referred to hereinafter as "Confidential Material." In defining "Confidential Material" in this manner, no party concedes that the materials so designated by the original producing party are confidential, proprietary, trade secret or competitively sensitive. Subject to the provisions of Paragraph 11, below, information produced shall be deemed Confidential Material when so designated in the manner described in Paragraph 4, below.

"Materials prohibited from disclosure by foreign law" are those documents previously produced to the United States which the producing party shall have the opportunity to so designate and which the producing party reasonably believes are prohibited from disclosure under any European Union and/or foreign law. Documents designated as "materials prohibited from disclosure by foreign law" shall not be disclosed to any party absent a court order entered only after the party having produced to the United States has had an opportunity to be heard on that issue.

2. Pursuant to the terms and conditions set forth herein, the United States may disclose Confidential Material to parties participating in discovery in the following litigation: United States of America ex rel. Aaron J. Westrick, PhD. V. Second Chance Body Armor, Inc., et al. (D.D.C. No. 04-0280), and United States v. Toyobo Co., Ltd., et al. (D.D.C. No. 1:07-CV-01144), and as otherwise provided by the Federal Rules of Civil Procedure.

3. This Protective Order shall apply to any and all documents and other materials,

interrogatory responses, responses to requests for admission, and testimony containing or disclosing Confidential Material.

4. In order for the items listed in Paragraph 1 to be treated by the parties and the Court as Confidential Material, such information, prior to its disclosure to the requesting party, must be designated as Confidential Material as follows:

(a) The designation of Confidential Material may be made by the original source of the documents by placing or affixing on the documents the word "Confidential" or "Proprietary," the phrase "Highly Confidential – Produced Pursuant to Protective Agreement," "Proprietary Trade Secret Information; Exempt from Release Under Freedom of Information Act," or the like. The terms of this Agreement are not applicable to Classified Materials designated "Confidential," "Secret," or "Top Secret," which shall be handled in accordance with applicable Government regulations.

(b) Information revealed through inspection of things or premises under Rule 34 of the Federal Rules of Civil Procedure may be designated as Confidential Material.

(c) Information disclosed during depositions may be designated as Confidential Material by the deponent or a party by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing Confidential Material, and to label such portions appropriately. Within thirty (30) days after receipt of the deposition transcript, the deponent or a party may designate any additional portion of the deposition as Confidential Material by informing the other parties in writing of the specific pages of the transcript that contain Confidential Material.

5. Nothing contained in the provisions of this Protective Order shall preclude the

parties to the litigation identified in Paragraph 2, above, from contesting the designation of any document as Confidential Material. If the United States or any other party in the litigation identified in Paragraph 2, above, intends to contest any document designated as Confidential Material, it shall notify the original producing party in writing at least ten business days prior to disclosing that document in any public proceeding or publicly-filed document. The original producing party shall have the option to file a petition for a protective order with the United States District Court for the District of Columbia demonstrating that there is good cause to designate the document at issue as Confidential Material. If a timely petition for a protective order is filed, the document at issue will be treated as Confidential Material until an order has been entered ruling that the document is not confidential or subject to the Protective Order. Prior to making any application for relief to a court, counsel shall meet and confer in order to seek an agreement as to the "Confidential" designation.

6. Except as otherwise permitted by this Protective Order, Court order, or agreement of the undersigned parties, anyone to whom Confidential Material is disclosed shall use such Confidential Material solely for the purposes of conducting or assisting in the Government's investigation in this matter, conducting or assisting any defendant in the litigations identified in Paragraph 2, above, to prepare its defenses, any subsequent litigation in this matter, including but not limited to the litigation identified in Paragraph 2, above, any appeals therefrom, and any related litigation to which the United States is a party, and shall not be used for any other purpose, including any business or commercial purpose. Confidential Materials and any copies thereof shall be disclosed only to: (a) Government personnel and the parties to the litigations identified in Paragraph 2, above; (b) counsel of record and other counsel for the parties to the litigations identified in Paragraph 2, above, and persons employed in such attorneys' offices; (c)

any potential witnesses or other persons whose assistance is needed in connection with the Government's investigation in this matter, the preparation of a defendant's defense in the litigations identified in Paragraph 2, above, any subsequent litigation in this matter, any appeals therefrom, and any related litigation to which the United States is a party; (d) any apparent author or recipient of the Confidential Materials; (e) court reporters in connection with testimony in any subsequent litigation in this matter, any appeals therefrom, and any related litigation to which the United States is a party, (f) the Court and Court personnel in any subsequent litigation in this matter, any appeals therefrom, and any related litigation to which the United States is a party, and (g) any other person whom the original producing party agrees in writing in advance of access, or whom a Court directs, may have access to the Confidential Material. Nothing contained in this Protective Order shall prevent or in any way limit the right of counsel to use Confidential Material in the Government's investigation and conduct of litigation, or the preparation of a defense and conduct of litigation by a defendant from a litigation identified in Paragraph 2, above, including preparation and/or trial of these or related actions, which is the subject of this Protective Order.

    7.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the Government to disclose to any agency of the United States any document or information regarding potential violation of law or regulation or regarding any potential safety consideration, or prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation, or regarding any potential safety consideration. Disclosure to any agency of the United States under this Paragraph shall not be subject to the requirements set forth in Paragraph 9.

8. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the United States Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the original producing party of the Congressional entity's request and the United States' response thereto.

9. For any person covered by paragraph 6(c) above, before any disclosure is made to such person, the attorney making the disclosure shall first advise that person that the material is being disclosed pursuant to this Protective Order and may not be disclosed to any other person not authorized under Paragraph 6 above to have access to such Confidential Material, except as permitted by Court order or by agreement of the parties to this Protective Order, and the attorney shall secure from each such person a written Affirmation in the letter form attached hereto, stating that such person has read this Agreement and agrees to be bound by it. Such Affirmation shall be maintained in the possession of counsel for the party securing the agreement until a Court order directs otherwise or until any litigation in this matter has concluded, but not less than three (3) years. The provision herein relating to the written Affirmation shall not apply to persons to whom Confidential Material is disclosed during interviews, but who are not permitted to retain any Confidential Material outside the interviews.

10. If counsel wishes to disclose Confidential Material to a person other than one designated in Paragraph 6, counsel shall serve a written request to the party claiming the information is confidential stating the name of the proposed person, the reasons for disclosure, the information to be disclosed, and that the proposed person has read this Protective Order and

is willing to agree in writing to be bound by its terms. If the party claiming the information is confidential does not agree in writing to the disclosure within ten (10) days of being served with the request, then counsel may apply to this Court for relief from the provisions of this Protective Order. If such disclosure is agreed to by the parties or permitted by the Court, such disclosure shall not be made until the person involved has signed an Acknowledgment in the form attached as Exhibit A.

11. Unless otherwise ordered by a Court, the procedures set forth herein shall have no application to proceedings in open court. Any attempt to limit the use of Confidential Materials in open court or in filings with a Court must be done by written motion to the Court on a showing of good cause. If Confidential Materials are filed in Court under seal, the filing party need give no advance notice to the original producing party. If, however, a party to the litigation identified in Paragraph 2, above, anticipates filing Confidential Materials in open court, that party will use reasonable efforts to notify (if possible, within five (5) days prior to the filing or disclosure) the original producing party of its intent.

12. Disclosure to parties in the litigation identified in Paragraph 2, above, of any documents, business records or other confidential information of any kind by any party to this or related litigation, at any time hereafter and through conclusion of this or related litigation, shall not constitute public disclosure of any such information so as to negate, waive or abandon any party's claim that such documents, drawings, business records or information constitute confidential information. However, the United States and any defendant to the litigations identified in Paragraph 2, above, shall retain the right to contest the assertion of any such privilege or objection.

13. The restrictions of this Protective Order shall not apply to any documents,

information or material which:

(a) are determined by the Court not to be confidential information; or

(b) are lawfully obtained or are known to the discovering party otherwise than through production by the other party, or becomes known other than as a consequence of any discovery had in this action pursuant to the Rules of Civil Procedure; or

(c) have been or become generally known without violation of this Order; or

(d) have been or become published without violation of this Order.

14. Within one hundred twenty (120) days after the conclusion of all litigation subject to this Protective Order, including the disposition of any appeals from a final judgment herein and any related litigation to which the United States is a party, the parties shall undertake reasonable and prudent efforts to return all Confidential Materials to the original producing party or to certify in writing to the original producing party that all such materials have been destroyed; EXCEPT THAT the Government may maintain one (1) copy of any Confidential Material in its master file for this case, and may maintain one (1) copy of any notes or summaries containing Confidential Materials in its master file for this case, provided that any copies of any Confidential Material or notes or summaries are clearly stamped "Confidential" or "Proprietary" or affixed with another legend indicating that the materials remain subject to this Protective Order.

**DONE and ORDERED** in Chambers in Washington, DC, this _____ day of _____, 2007.

                                                                                          _____
                                                                                          RICHARD W. ROBERTS
                                                                                          UNITED STATES DISTRICT JUDGE

TO WHOM IT MAY CONCERN:

I have received a copy of the attached Protective Order. I have carefully read and understand the provisions of the attached Protective Order. I certify that I am eligible to have access to the Confidential Material under Paragraph 6 of the Protective Order.

I agree to comply with all of the provisions of the Protective Order. I agree to hold all Confidential Material and any duplicates, notes, abstracts, or summaries thereof, in confidence, and will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purposes of assisting the Government's investigation in this matter, **assisting a defendant's defense in the litigations identified in Paragraph 2, above,** any subsequent litigation in this matter, or any related litigation to which the United States is a party, except as provided by the Protective Order.

At the conclusion of the Government's investigation, or at the conclusion of any litigation in this matter, I agree, if the Government so directs, to return to the Government all originals of all Confidential Materials and any duplicates, notes, abstracts, or summaries thereof, whether prepared by me or anyone else.

_____

Dated: _____

**ADDENDUM AND DESIGNATION OF DOCUMENTS PURSUANT TO PARAGRAPH 4 OF ATTACHED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AS TO INFORMATION AND DOCUMENT DISCLOSURES BY ARMOR HOLDINGS, INC., ARMOR HOLDINGS PRODUCTS, LLC, AMERICAN BODY ARMOR, SAFARILAND, LTD., INC., AND/OR PROTECH ARMORED PRODUCTS (collectively "ARMOR")**

ALL DOCUMENTS AND/OR MATERIALS THAT WERE ORIGINALLY PRODUCED BY OR ON BEHALF OF ARMOR RELATING TO ZYLON THAT FALL WITHIN THE PLAIN MEANING OF SUBJECT MATTER CATEGORIES 1 THROUGH 7 BELOW SHALL BE TREATED AS CONFIDENTIAL AND ARE SUBJECT TO THE PROVISIONS OF THIS PROTECTIVE ORDER.

1. Research, development, design and testing of Zylon-containing vests, including design drawings, specs and memos; build sheets; and internal testing data.

2. NIJ certification testing and related research, technical and supporting data, including all research or statistical information submitted by Armor to NIJ or NLECTC concerning investigations into body armor safety.

3. Used vest testing and performance data, shoot reports, and technical data.

4. Internal Armor documentation and correspondence concerning the company's warranty exchange programs (e.g., ZX Warranty Exchange (ZXWE) and Zylon Vest Exchange Program (ZVEP), including. internal memoranda, cost-benefit analyses and supporting data.

5. Contract financial data including pricing, sales records, payment records, inventory reports, commercial sales practices charts and related disclosures, vendor pricing, customer lists, and any other commercial customer pricing and discount data.

6. Marketing plans, strategies, budget plans and projections.

7. Internal communications and correspondence including email, memos, letters and the like to the extent that they reflect information in paragraphs 1-6.

KANE KESSLER, P.C.

By: *Arthur M. Rosenberg (NO)*
Arthur M. Rosenberg, Esq.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Dated: April 8, 2008