UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA, ex rel.,  )
AARON J. WESTRICK, Ph.D.,           )   Civil Action No. 04-0280 (PLF)
                                    )
           Plaintiffs,              )
                                    )
     v.                             )
                                    )
SECOND CHANCE BODY ARMOR, INC.,     )
et al.,                             )
                                    )
           Defendants.              )
_____ )
                                    )
UNITED STATES OF AMERICA,           )   Civil Action No. 07-1144 (PLF)
                                    )
           Plaintiff,               )
                                    )
     v.                             )
                                    )
TOYOBO COMPANY, LTD., et al.,       )
                                    )
           Defendants.              )
_____ )

MEMORANDUM OPINION AND ORDER

Before the Court is the parties' joint motion for a status conference [Dkt. 487 in Civil Action No. 04-0280; Dkt. 215 in Civil Action No. 07-1144]. The Court will grant the motion. There are two primary issues to be decided at the status conference: (1) the prospect of mediation, and (2) the parties' pending motions to exclude expert witnesses under Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

At the most recent status conference on May 11, 2016, the Court raised the issue of the parties entering mediation — either with Magistrate Judge Kay, a court-appointed

mediator, or a privately retained mediator — prior to costly and lengthy pretrial and trial proceedings. See Status Conference Hr'g Tr. at 6:19-8:5 (May 11, 2016) [Dkt. 472 in Civil Action No. 04-0280]. The parties, with the exception of pro se defendant Thomas E. Bachner, Jr., said that they were favorably disposed to proceeding to mediation. See id. at 14:19-29, 17:20-22; 25:16-19. Indeed, counsel for defendant Toyobo stated that "the problem thus far" with mediation "has been because the Government and Toyobo have different views about what's left in the case," and that "a decision on the pending motion[s] may help narrow exactly what's left in the case and what the issues are." Id. at 17:23-18:3. The Court has since decided the pending summary judgment motions to make clear what claims and issues remain in the case. See United States ex rel. Westrick v. Second Chance Body Armor, Inc., --- F. Supp. 3d ----, 2017 WL 2992476 (D.D.C. July 14, 2017); Opinion and Order (Mar. 31 2017) [Dkt. 484 in Civil Action No. 04-0280].

The Court is also aware that the parties' 14 Daubert motions remain pending in these related but not consolidated cases: Dkts. 375 & 376 in Civil Action 04-0280; Dkts. 123-134 in Civil Action 07-1144. It is therefore

ORDERED that the parties' joint motion for a status conference [Dkt. 487 in Civil Action No. 04-0280; Dkt. 215 in Civil Action No. 07-1144] is GRANTED; and it is

FURTHER ORDERED that the parties shall appear for a status conference at 10:00 a.m. on October 12, 2017, and shall be prepared to discuss:

1. Their views on mediation, including their choice of mediator;

2. An approach to resolving the 14 pending <u>Daubert</u> motions, including: (a) whether any are moot in light of the Court's Opinions on summary judgment; (b) which <u>Daubert</u> arguments overlap such that they can be consolidated into a single <u>Daubert</u> motion; and (c) what dates the parties' experts are available to testify at the <u>Daubert</u> hearing.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 17, 2017